IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY TYRONE FOSTER,

    Plaintiff,                       No. CIV S-06-1968 GEB GGH P

    vs.

L. LESANE, et al.,

    Defendants.                    ORDER

_____/

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.
3        Plaintiff alleges that defendant Lesane confiscated his Islamic necklace in
4  violation of his First Amendment rights. Plaintiff claims that defendant Hollinger told him that
5  he would return the necklace to him only if plaintiff agreed to withdraw his administrative
6  appeal. Plaintiff alleges that defendant Hollinger violated his First Amendment rights as well as
7  acted in retaliation for plaintiff's having filed an administrative appeal.
8        The First Amendment to the United States Constitution provides that Congress
9  shall make no law respecting the establishment of religion, or prohibiting the free exercise
10 thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain
11 their First Amendment rights, including the right to free exercise of religion. O'Lone v. Estate of
12 Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987). The Court has also recognized that
13 limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from
14 valid penological objectives. Id.; McElyea v. Babbit, 833 F.2d 196, 197 (9th Cir. 1987). "In
15 order to establish a free exercise violation, [plaintiff] must show the defendants burdened the
16 practice of his religion by preventing him from engaging in conduct mandated by his faith."
17 Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).
18       The complaint contains no allegations suggesting that plaintiff's faith mandated
19 that he wear the necklace. Because plaintiff's First Amendment claim is not well supported, it is
20 dismissed with leave to amend.
21       Plaintiff has stated a colorable retaliation claim against defendant Hollinger.
22       In accordance with the above, IT IS HEREBY ORDERED that:
23       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
24       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
25 The fee shall be collected and paid in accordance with this court's order to the Director of the
26 California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's First Amendment claims against defendants Hollinger and Lesane are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 9/19/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
fos1969.1